# Exhibit 1

*James Krusenoski v. Life Time, Inc., et al.*
Exhibit to Notice of Removal

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 21460365
2023LA000144
FILEDATE: 2/14/2023 10:48 AM
Date Submitted: 2/14/2023 10:48 AM
Date Accepted: 2/15/2023 8:58 AM
CK

| | |
|---|---|
| JAMES KRUSENOSKI ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) Case No. | |
| LIFE TIME, INC., a foreign ) | |
| Corporation, and TECHNOGYM USA ) 2023LA000144 | |
| LLC, a foreign Corporation ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT AT LAW

### COUNT I
(Willful and Wanton v. LIFE TIME, INC.)

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count I of his Complaint at Law against Defendant LIFE TIME, INC.., states:

1. At all times relevant to this cause of action, Plaintiff, JAMES KRUSENOSKI, was a resident of DuPage, Illinois.

2. At all times relevant to this cause of action, Defendant, LIFE TIME, INC., was a Minnesota corporation that owned, operated, maintained, or controlled a premises at 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois, which was open for use by the public, including JAMES KRUSENOSKI, as a fitness gym, hereinafter referred to as "the premises."

3. At all times relevant to this cause of action, Defendant, LIFE TIME, INC. held out their premises as "a luxurious athletic country club designed with your well being in mind."

4. On July 26, 2022, Plaintiff, JAMES KRUSENOSKI, was a customer of LIFE TIME, INC., and was lawfully on its premises.

5. On July 26, 2022, Plaintiff JAMES KRUSENOSKI attempted to utilize a certain stationary bicycle on Defendant LIFE TIME, INC.'s premises.

1

6. While attempting to properly operate said stationary bicycle, JAMES KRUSENOSKI was forced to fall to the ground by a product and/or equipment malfunction, fall onto his arm and sustain permanent injuries that required multiple surgeries.

7. At all times material to this Complaint, defendant LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, owed a duty to refrain from willful and wanton conduct which would endanger the safety of Plaintiff, JAMES KRUSENOSKI and/or pose conscious disregard for his safety.

8. The defendant, LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, breached that duty and engaged in a course of action which showed an utter indifference to or conscious disregard for Plaintiffs safety, and was willful and wanton, through one or more of the following acts/or omissions.

   a) Consciously and knowingly failed to ensure that the bicycle was safe, suitable, and proper for use;

   b) Encouraged and permitted Plaintiff to use said bicycle knowing that the bicycle was dangerous and could lead to injury, thereby showing utter indifference to or conscious disregard of Plaintiffs safety;

   c) Consciously and knowingly failed to warn Plaintiff that said bicycle was dangerous and could lead to injury when Defendant knew that the bicycle was not safe, suitable, and proper for use, thereby showing utter indifference to or conscious disregard of Plaintiff's safety.

9. That as a direct and proximate result of one or more of the aforesaid acts or omissions of defendant, LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, Plaintiff JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant LIFE TIME, INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT II
### (Negligence v. LIFE TIME, INC.)

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKK.ERMAN, LLC., and for Count III of his Complaint at Law against Defendant LIFE TIME, INC.., states:

1-9. Plaintiff adopts and re-alleges Paragraphs One (I) through Nine (9) of Count I of this Complaint at Law as Paragraphs One (I) through Nine (9) inclusive of this Count II, as though fully set forth herein.

10. That on July 26, 2022, and all times hereinafter mentioned, defendant LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, had a duty to exercise ordinary care in the possession, ownership, management, operation, maintenance, and control of the aforesaid premises for the safety of the Plaintiff, JAMES KRUSENOSKI, and those persons lawfully thereon.

11. That on July 26, 2022, and all times hereinafter mentioned, defendant LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, had a duty to exercise ordinary care in the possession, ownership, management, operation, maintenance, and control of the aforesaid bicycle for the safety of the Plaintiff, JAMES KRUSENOSKI, and those persons lawfully using said bicycle.

12. That at the aforesaid time and place, the defendant, LIFE TIME, INC., by and through its agent, apparent agent, employee, or servant, breached its duty of ordinary care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Failed to properly inspect the subject bicycle prior to its use by Plaintiff;

    b) Failed to properly maintain the subject bicycle prior to its use by Plaintiff;

    c) Failed to properly clean the subject bicycle prior to its use by Plaintiff;

    d) Failed to properly repair the subject bicycle prior to its use by Plaintiff;

    e) Failed to properly store the subject bicycle prior to its use by Plaintiff;

    f) Failed to properly keep the subject bicycle prior to its use by Plaintiff;

    g) Failed to properly report equipment problems on the subject bicycle prior to its use by Plaintiff;

    h) Failed to warn and/or adequately warn Plaintiff of the dangers of using the subject bicycle, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to Plaintiff;

    i) Failed to make a reasonable inspection of the equipment being utilized when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    j) Otherwise negligently managed, maintained, operated, and controlled said premises.

13. On July 26, 2022, while attempting to properly operate said stationary bicycle, JAMES KRUSENOSKI was forced to fall to the ground by a product and/or equipment malfunction, fall onto his arm and sustain permanent injuries that required multiple surgeries.

14. That as a direct and proximate result of one or more of the aforesaid acts or omissions of defendant, LIFE TIME, INC., by and through its agents, apparent agents, employees, or servants, Plaintiff JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant LIFE TIME, INC.., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

### COUNT III
**(Strict Product Liability v. LIFE TIME, INC.)**

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count III of his Complaint at Law against Defendant LIFE TIME, INC., states:

15. That on or prior to July 26, 2022, defendant, LIFE TIME, INC., was engaged in the business of designing, preparing, manufacturing, advertising, distributing, supplying, providing and/or selling a certain product and/or its appurtenances, commonly known as and that prior to the said date, defendant had, in fact, designed, prepared, manufactured, advertised, distributed, supplied, provided, and/or sold the aforesaid stationary bicycle and/or its appurtenances.

16. That the aforementioned Defendant participated in the design, preparation, manufacturing, advertising, distribution, supplying, providing and/or sale of the aforesaid product and/or its appurtenances, while said product and/or appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer and was provided to fitness consumers, in that:

(a) The said product was unreasonably dangerous in design due to the high degree of risk that the product would falter, thereby causing serious personal injury to the Plaintiff;

(b) The said product was unreasonably dangerous due to the manufacturing defects or omissions;

(c) The said product was unreasonably dangerous in that the Defendant failed to warn consumers or users that bicycle was in a dangerous condition;

(e) Failed to perform adequate inspection of the product prior to placing it into the market for use;

(f) The said product was unreasonably dangerous because of the false sense of security and misrepresentation of the product as a safety system and padding to protect against injuries from falls.

17. On July 26, 2022, and all relevant times, the aforesaid stationary bicycle and/or its appurtenances was being utilized at LIFE TIME, INC., located at 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

18. On July 26, 2022, and at all relevant times, while being utilized in the normal and foreseeable manner, said stationary bike did not perform in the manner reasonably to be expected in light of its nature and intended function.

5

19. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said stationary bike and/or its appurtenances, JAMES KRUSENOSKI, was caused to suffer a severe injury.

20. On July 26, 2022 and at all relevant times, there was no other reasonable cause of the product's failure to perform other than the unreasonably dangerous condition that existed in the product at the time it left the control of defendant.

21. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant LIFE TIME, INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT IV
**(Product Liability Negligence v. LIFE TIME, INC.)**

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count V of his Complaint at Law against Defendant LIFE TIME, INC., states:

22. That on and prior to July 26, 2022, the aforementioned Defendant, LIFE TIME, INC., was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale a certain stationary bicycle and/or its appurtenances, and that prior to the said date, the Defendant had, in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the aforesaid product and/or its

appurtenances at LIFE TIME, INC., 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

23. That the aforementioned Defendant participated in the design, preparation, manufacturing, advertising, distribution, supplying sale and/or placing for sale of the aforesaid product and/or its appurtenances, while said product and/or appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer.

24. That on and prior to July 26, 2022, the Defendant had a duty to use ordinary care in the design, preparation, manufacture, advertising, distribution, supply, and sale of the stationary bicycle and its appurtenances so that it would be safe for use by patrons such as the Plaintiff.

25. That the aforementioned Defendant was then and there negligent in one or more of the following ways, by and through their respective employees, agents, and/or apparent agents in that it:

   (a) Failed to make a reasonable inspection of said product when the product was in its possession when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff from the product failing during use;

   (c) Negligently failed to discover the defective condition of the said product and/or its component parts and its propensities to falter and fail when the product was in its possession;

   (d) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injuries occurring while using the bicycle given its dangerous condition, at any time when the product was in its possession;

   (e) The said product was unreasonably dangerous due to the manufacturing defects that created a propensity to falter during normal use;

   (f) The Defendant negligently and carelessly provided inadequate safety warnings and instructions regarding the product's propensities to fail and falter;

   (g) The Defendant failed to warn consumers or users of the dangerous condition of said product and its propensities to fail and falter;

   (h) The Defendant had actual knowledge of the defect and the product's propensities to fail and falter from normal use, which caused the injury to the Plaintiff;

(i) The Defendant failed to properly warn or instruct the Plaintiff that the product in question was dangerous and/or had a tendency or foreseeable possibility of causing injury, and its propensities to fail and falter from normal use;

(j) The product was misrepresented to the Plaintiff, and the general public, and that the product in question was not safe for use by the public and had propensities to fail and falter from normal use;

26. That on the aforesaid date, the aforesaid product and/or its appurtenances was in the possession of LIFE TIME, INC., located at 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

27. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the said product and/or its appurtenance, failed and faltered thereby causing severe injuries to Plaintiff as hereinafter mentioned during normal use.

28. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant LIFE TIME, INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

**COUNT V**
**(Strict Product Liability v. TECHNOGYM USA LLC)**

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count V of his Complaint at Law against Defendant TECHNOGYM USA LLC, states:

29. That on or prior to July 26, 2022, defendant, TECHNOGYM USA LLC, was engaged in the business of designing, preparing, manufacturing, advertising, distributing, supplying, providing and/or

selling a certain product and/or its appurtenances, commonly known as and that prior to the said date, defendant had, in fact, designed, prepared, manufactured, advertised, distributed, supplied, provided, and/or sold the aforesaid stationary bicycle and/or its appurtenances.

30. That the aforementioned Defendant participated in the design, preparation, manufacturing, advertising, distribution, supplying, providing and/or sale of the aforesaid product and/or its appurtenances, while said product and/or appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer and was provided to fitness consumers, in that:

(a) The said product was unreasonably dangerous in design due to the high degree of risk that the product would falter, thereby causing serious personal injury to the Plaintiff;

(b) The said product was unreasonably dangerous due to the manufacturing defects or omissions;

(c) The said product was unreasonably dangerous in that the Defendant failed to warn consumers or users that bicycle was in a dangerous condition;

(e) Failed to perform adequate inspection of the product prior to placing it into the market for use;

(f) The said product was unreasonably dangerous because of the false sense of security and misrepresentation of the product as a safety system and padding to protect against injuries from falls.

31. On July 26, 2022, and all relevant times, the aforesaid stationary bicycle and/or its appurtenances was being utilized at LIFE TIME, INC., located at 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

32. On July 26, 2022, and at all relevant times, while being utilized in the normal and foreseeable manner, said stationary bike did not perform in the manner reasonably to be expected in light of its nature and intended function.

33. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said stationary bike and/or its appurtenances, JAMES KRUSENOSKI, was caused to suffer a severe injury.

34. On July 26, 2022 and at all relevant times, there was no other reasonable cause of the product's failure to perform other than the unreasonably dangerous condition that existed in the product at the time it left the control of defendant.

35. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant TECHNOGYM USA LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT VI
**(Product Liability Negligence v. TECHNOGYM USA LLC)**

NOW COMES the Plaintiff, JAMES KRUSENOSKI, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count V of his Complaint at Law against Defendant TECHNOGYM USA LLC, states:

36. That on and prior to July 26, 2022, the aforementioned Defendant, TECHNOGYM USA LLC, was engaged in the business of designing, preparing, manufacturing, maintaining, providing, advertising, distributing, supplying, selling and/or placing for sale a certain stationary bicycle and/or its appurtenances, and that prior to the said date, the Defendant had, in fact, designed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the aforesaid product and/or its appurtenances at LIFE TIME, INC., 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

37. That the aforementioned Defendant participated in the design, preparation, manufacturing, advertising, distribution, supplying sale and/or placing for sale of the aforesaid product and/or its appurtenances, while said product and/or appurtenances was in an unreasonably dangerous condition with regard to its acknowledged intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer.

38. That on and prior to July 26, 2022, the Defendant had a duty to use ordinary care in the design, preparation, manufacture, advertising, distribution, supply, and sale of the stationary bicycle and its appurtenances so that it would be safe for use by patrons such as the Plaintiff.

39. That the aforementioned Defendant was then and there negligent in one or more of the following ways, by and through their respective employees, agents, and/or apparent agents in that it:

(a) Failed to make a reasonable inspection of said product when the product was in its possession when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff from the product failing during use;

(c) Negligently failed to discover the defective condition of the said product and/or its component parts and its propensities to falter and fail when the product was in its possession;

(d) Negligently failed to give adequate warnings concerning the dangerous propensities of said product and/or the likelihood of serious injuries occurring while using the bicycle given its dangerous condition, at any time when the product was in its possession;

(e) The said product was unreasonably dangerous due to the manufacturing defects that created a propensity to falter during normal use;

(f) The Defendant negligently and carelessly provided inadequate safety warnings and instructions regarding the product's propensities to fail and falter;

(g) The Defendant failed to warn consumers or users of the dangerous condition of said product and its propensities to fail and falter;

(h) The Defendant had actual knowledge of the defect and the product's propensities to fail and falter from normal use, which caused the injury to the Plaintiff;

(i) The Defendant failed to properly warn or instruct the Plaintiff that the product in question was dangerous and/or had a tendency or foreseeable possibility of causing injury, and its propensities to fail and falter from normal use;

(j) The product was misrepresented to the Plaintiff, and the general public, and that the product in question was not safe for use by the public and had propensities to fail and falter from normal use;

40. That on the aforesaid date, the aforesaid product and/or its appurtenances was in the possession of LIFE TIME, INC., located at 601 Burr Ridge Parkway, Burr Ridge, Illinois 60527, DuPage County, State of Illinois.

41. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product and/or its appurtenances, the said product and/or its appurtenance, failed and faltered thereby causing severe injuries to Plaintiff as hereinafter mentioned during normal use.

42. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, JAMES KRUSENOSKI sustained severe and permanent injuries, both externally and internally, and was, and will be limited and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff also has incurred lost wages, and Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JAMES KRUSENOSKI, demands judgment against defendant TECHNOGYM USA LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

Respectfully submitted,

By: Grant A. Bosnich

Jonathan D. Treshansky
Grant A. Bosnich
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker, Suite 1650, Chicago, IL 60606
T: 312.586.1700 / F: 312.586.1701
E: jtreshansky@tpmblegal.com
E: gbosnich@tpmblegal.com
DuPage Attorney #323297 CLK