UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Krusenoski, | |
|     Plaintiff, | |
| v. | Case No. 23 C 1772 |
| LTF Club Operations Company, Inc., *et al.*, | Judge Jorge L. Alonso |
|     Defendants. | |

## Memorandum Opinion and Order

For the reasons below, the Court grants Defendant Technogym S.p.A.'s motion to dismiss (ECF No. 78), denies without prejudice Plaintiff James Krusenoski's motion for leave to file exhibits under seal (ECF No. 91), and dismisses Krusenoski's claims against Technogym S.p.A. without prejudice for lack of personal jurisdiction.

## Background

In July 2022, Krusenoski was injured after falling off a Technogym exercise bike he was riding at a Life Time Fitness gym facility in Burr Ridge, Illinois, when the seat collapsed. Krusenoski sued LTF Club Operations Company, Inc. on various grounds, and sued both Technogym S.p.A., the Italian company that designed and manufactured the bike, and Technogym USA Corp, its U.S. distributor with an office in New Jersey, on products-liability grounds. *See* ECF No. 46. Technogym S.p.A. moved to dismiss Krusenoski's claims against it for lack of personal jurisdiction. ECF No. 78. The parties conducted jurisdictional discovery then finished briefing the motion to dismiss, which the Court now considers.

## Legal Standard

"When challenged, the plaintiff has the burden of proving personal jurisdiction." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). Any disputes concerning

relevant facts are resolved in favor of the party asserting jurisdiction—here, Krusenoski. *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

"A federal district court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). "The governing statute in Illinois permits its courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment." *Id.* (citing 735 ILCS 5/2-209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.")). Under the Due Process Clause, courts recognize two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). Krusenoski does not claim general personal jurisdiction exists—the Court therefore considers only whether the Court has specific personal jurisdiction over Technogym S.p.A.

## Discussion

### I. Krusenoski's motion to seal

At the outset, the Court considers Krusenoski's motion for leave to file under seal certain exhibits purportedly attached to his response to Technogym S.p.A.'s motion to dismiss. ECF No. 91. Though Technogym S.p.A. does not object to Krusenoski's motion, the Court denies it without prejudice.

The Court may direct documents to be filed under seal "for good cause shown," provided certain requirements are met. N.D. Ill. 26.2(b). "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials under seal must justify the claim of secrecy and "analyze the applicable legal

criteria or contend that any document . . . may . . . legitimately . . . be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *see also Matter of Husain*, 866 F.3d 832, 835 (7th Cir. 2017) (identifying "the strong norm that judicial proceedings are open to public view").

Krusenoski quotes the Court's requirements but did not follow them. As Krusenoski states, the party who wishes to file all or part of a document under seal must, in addition to filing a motion for leave, both provisionally file the document under seal and file a public-record version of the document with only the sealed material excluded. N.D. Ill. Local R. 26.2(c).[1] Krusenoski did neither—his exhibits appear nowhere on the docket (whether redacted or unredacted and sealed) and the Court has no way of knowing what material they contain beyond what the parties have incorporated in their briefs.

Krusenoski also does not explain why those exhibits should be sealed for good cause, except to summarily "maintain compliance with previous orders entered by the Court"— presumably, the existing confidentiality order (ECF No. 37). He says nothing about why sealing is appropriate for any portion of any of the exhibits—much less all portions of all of them. *See* N.D. Ill. Local R. 26.2(3) ("Any motion seeking to seal a document or portion of document must articulate the basis for good cause to justify the sealing, and should do that on an item by item basis. A statement generally asserting good cause does not satisfy this standard."); *Bierk v. Tango Mobile, LLC*, No. 19 C 5167, 2021 WL 308833, at *1–2 (N.D. Ill. Jan. 29, 2021) ("It is not the court's job to sift through documents on any party's behalf as the Seventh Circuit has said time and again. . . . It is unlikely that everything in the transcript is confidential or even that most of it

---

[1] Local Rule 26.2 was most recently amended in October 2024—the parties should follow the current rule for any future motions for leave to file documents under seal.

satisfies the criteria necessary for confidential treatment."). Indeed, both Krusenoski and Technogym S.p.A. have quoted and discussed relevant portions of the exhibits in their public briefs, so at least some parts of the exhibits need not be sealed. And under the terms of the confidentiality order itself, the mere designation of a document as confidential does not justify sealing. *See* ECF No. 37 ¶ 7 ("This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2."); *Bierk*, 2021 WL 308833, at *2 ("That was not done, and the matter is not one that can be routinely ignored.").

Krusenoski has made no meaningful attempt to show good cause for sealing any of the exhibits purportedly attached to his response brief. Therefore, and because the motion is effectively moot because Krusenoski did not actually file the documents he wishes to seal, the Court denies his motion (ECF No. 91) without prejudice. Nevertheless, since the parties' briefs have excerpted and represented the relevant portions of the purported exhibits, the Court can resolve Technogym S.p.A.'s motion to dismiss even without access to the full documents Krusenoski neglected to file on the docket.

## II.     Personal jurisdiction

Krusenoski does not claim general personal jurisdiction exists—the Court therefore considers only whether the Court has specific personal jurisdiction over Technogym S.p.A. and concludes that is does not.

Specific jurisdiction arises "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related

4

activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) ("To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must 'directly relate to the challenged conduct or transaction.'" (quoting *Tamburo*, 601 F.3d at 702)); *Kipp*, 783 F.3d at 698 ("Specific jurisdiction is case-specific; the claim must be linked to the activities or contacts with the forum."). "[F]or a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb*, 582 U.S. at 262 (emphasis in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "In other words, there must be 'an affiliation between the forum and the underlying controversy.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "For specific jurisdiction, a defendant's general connections with the forum are not enough." *Id.* at 264. As the Supreme Court has explained:

> The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.' . . . For a State to exercise jurisdiction consistent with due process, defendant's suit-related conduct must create a substantial connection with the forum State. . . .
>
> [T]he relationship must arise out of contacts that the defendant *himself* creates with the forum state. . . . Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. . . . We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.

*Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (emphasis in original) (internal quotation marks and citations omitted).

Krusenoski has not shown Technogym S.p.A. had minimum contacts with Illinois. It is undisputed that Technogym S.p.A. has no physical presence in Illinois and has not directly sold

5

or shipped exercise bikes, including the one at issue in this case, to anyone in Illinois—it instead sells them to Technogym USA in New Jersey and has no control over what happens to them afterwards. Krusenoski claims that Technogym S.p.A. nevertheless purposefully availed itself of the Illinois market by placing its bikes in the stream of commerce, allowing them to be distributed and sold to Illinois, and operating a website that requires users to include their location and contains instructions and manuals related to the bikes which has been used in Illinois. The Court disagrees.

The Seventh Circuit "appl[ies] the stream-of-commerce theory in products liability cases," which supports personal jurisdiction "as long as a participant in the stream of commerce is aware that the final product is being marketed in the forum State." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (cleaned up). Still, "[j]ursidiction under this stream-of-commerce theory turns on [the defendant's] knowledge and expectations," which is often a factual matter. *Id.* at 862–63. Therefore, "a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state." *Id.* at 861 (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)).

Here, Krusenoski has not provided sufficient evidence that Technogym S.p.A. expected that the bikes it manufactured and sold were being marketed in Illinois or acted in a way that established minimum contacts with Illinois. Though Technogym S.p.A. had a nationwide distribution agreement with Technogym USA that did not exclude Illinois, and an Illinois maintenance man explained that he used Technogym S.p.A.'s website when working on the exercise bike at issue, Krusenoski has not presented evidence that Technogym S.p.A. was involved in distribution or sufficiently expected that its bikes would end up in Illinois. *Cf. Illinois*

6

*v. Hemi Grp. LLC*, 622 F.3d 754, 757–58 (7th Cir. 2010) (finding minimum contacts where Hemi knowingly did business directly with Illinois residents); *Odegaard v. Bayerische Motoren Werke AG*, No. 24-CV-01121, 2025 WL 896908, at *3–4 (N.D. Ill. Mar. 24, 2025) (finding minimum contacts where evidence showed that BMW AG shipped thousands of parts to Illinois addresses, which "demonstrate[d] BMW's AG's awareness that its vehicles were being sold to and used by customers in Illinois," and that BMW AG promoted a golf tournament held in Illinois).

Technogym S.p.A.'s website does not change the outcome. "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *see also id.* at 558 ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'") (internal quotation marks and citation omitted)); *Heard v. Jenkins*, No. 1:21-CV-01374, 2022 WL 4482765, at *4 (N.D. Ill. Sept. 27, 2022) ("The fact that these services can be streamed in Illinois is insufficient by itself."). Krusenoski also has not explained the details of any location information collected Technogym S.p.A.'s website and how Technogym S.p.A.'s use of that information constitutes purposeful availment. So though Technogym S.p.A. had a website that included instructions and manuals for its products, and Illinois residents used that website when servicing exercise bikes, the evidence stops short of establishing that Technogym S.p.A. purposefully availed itself of the privilege of conducting business in Illinois, even though Technogym S.p.A.'s exercise bike at issue in this case ultimately ended up in Illinois.

7

Krusenoski therefore has not met its burden of showing that the Court has specific personal jurisdiction over Technogym S.p.A. The Court accordingly dismisses Krusenoski's claims against Technogym S.p.A. for lack of personal jurisdiction.

## Conclusion

The Court grants Technogym S.p.A's motion to dismiss (ECF No. 78), denies without prejudice Krusenoski's motion for leave to file exhibits under seal (ECF No. 91), and dismisses Krusenoski's claims against Technogym S.p.A. without prejudice for lack of personal jurisdiction.

**SO ORDERED.**                                                    **ENTERED: May 29, 2025**

_____

**HON. JORGE ALONSO**
**United States District Judge**